# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4949 | **DATE** | 8/11/2003 |
| **CASE TITLE** | United States of America vs. Curry | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Petition for Writ of Habeas Corpus

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Before the court is Curry's Petition for Writ of Habeas Corpus. Curry's petition is denied. It is so ordered.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | AUG 1 3 2003 | |
| | Notified counsel by telephone. | | date docketed | 22 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 AUG 12 PM 2:23 | date mailed notice | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | No. 00 C 4949 |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Judge Charles R. Norgle, Sr. |
| | ) | |
| Shawntell Curry, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

CHARLES RONALD NORGLE SR., District Judge.

Before the court is Shawntell Curry's [Curry] petition to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255. For the following reasons, the petition is denied.

## I. BACKGROUND

In the criminal matter underlying the present § 2255 petition, Curry and his Co-Defendants concocted and carried out a scheme to rob various establishments in Illinois and Wisconsin. Curry and his co-defendants were charged with a six count indictment. Count I charged Curry and co-defendant John Pulley with conspiracy to commit robberies that affect interstate commerce. The conspiracy included the robberies of the M&I Bank in Oregon, Wisconsin, on January 27, 1997, and the Budgetel Motel in Matteson, Illinois, on February 20, 1997. Count II charged Curry with the September 16, 1996 robbery of the Bell Federal Bank in Homewood, Illinois. Count III charged Curry, Charles Curry, and John Pulley with the February 20, 1997 robbery of the Budgetel Motel in Matteson, Illinois. Count IV charged Curry with the unlawful possession of a firearm on February 20, 1997. Count V charged Curry and John Pulley with the unlawful use of a firearm on February

20, 1997. Finally, Count VI charged Curry, Allen Brown, and LaTonya Wilder with the February 21, 1997 robbery of the First Savings Bank of Hedgewisch in Lynwood, Illinois. All of Curry's co-defendants pled guilty and testified against him at trial.

After a lengthy jury trial, which included the testimony of various additional witnesses, Curry was found guilty on all counts, except count II. Curry was sentenced to 295 months of imprisonment and ordered to pay $35, 914 in restitution. Curry appealed his conviction, at which time he raised five issues: 1) that admission of testimony of accomplices who entered guilty pleas violated a statute barring compensation of witnesses, or the due process clause; 2) that out of court statements made by accomplices were inadmissable hearsay; 3) that the jury was improperly allowed to consider as a fact that an accomplice who was implicated by testimony of a second accomplice had pleaded guilty; 4) that the police line-up was unduly suggestive; and 5) that his conviction was not supported by the evidence. Curry's conviction and sentence was affirmed on direct appeal, citing the overwhelming evidence against him. See United States of America v. Curry, 187 F.3d 762 (7th Cir. 1999).

Curry now seeks § 2255 relief, raising three issues: 1) that his conspiracy conviction for the M&I robbery (Count I) was obtained as a result of the prosecution's failure to disclose evidence favorable to the defense; 2) that his convictions on Counts I, III, IV, V, and VI were obtained through the use of evidence from an unlawful arrest; and 3) that he received ineffective assistance of counsel. The court is to liberally construe a prisoner's *pro se* petition, see Haines v. Kerner, 404 U.S. 519, 520 (1972) but the burden remains with the petitioner to demonstrate entitlement to the extraordinary writ of habeas corpus.

## II. DISCUSSION

Section 2255 allows a person convicted of a federal crime to vacate, set aside, or correct his sentence. The relief is available only in limited circumstances, such as where an error is jurisdictional or of Constitutional magnitude. The statute states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 ¶ 1. If the court determines that any of these grounds exists, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255 ¶ 2.

Section 2255 motions are subject to various bars, including that of procedural default. A § 2255 proceeding is " 'neither a recapitulation of nor a substitute for a direct appeal.' " McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir.1996) (quoting Belford v. United States, 975 F.2d 310, 313 (7th Cir.1992), overruled on other grounds, Castellanos v. United States, 26 F.3d 717 (7th Cir.1994)); compare Reeves v. United States, 255 F.3d 389, 391-94 (7th Cir.2001) (reviewing a § 2255 motion where the petitioner voluntarily dismissed his direct appeal). Thus, a § 2255 motion cannot raise: (1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) nonconstitutional issues that could have been raised on direct appeal, but were not; and (3) constitutional issues that were not raised on direct appeal. Belford, 975 F.2d at 313.

There are two exceptions to the procedural default rule: (1) if the movant demonstrates cause

3

for failing to raise the issue and actual prejudice resulting therefrom; or (2) the court's refusal to consider the constitutional issue would result in a fundamental miscarriage of justice, which requires a showing of actual innocence. See Belford, 975 F.2d at 313 (collecting authority); see also McCleese, 75 F.3d at 1177-78 (discussing fundamental miscarriage of justice).

## A. Failure to Disclose Evidence

Curry's first claim of error is that the government, in violation of Brady, failed to turn over evidence that Ray Williams Anderson inquired about a reward for testifying against him. Curry argues that he could have used this evidence to attack Anderson's credibility and that the government was required to disclose this information to the defense pursuant to Brady v. Maryland, 373 U.S. 83 (1963); see also United States v. Bagley, 473 U.S. (1985); Kyles v. Whitley, 514 U.S. 419 (1995).

In Brady, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith of the prosecution." Brady, 373 U.S. at 87. The prosecution's obligation to disclose information extends to both exculpatory evidence and facts material to the impeachment of prosecution witnesses, and attaches even in the absence of a specific request by the defendant. United States v. Agurs, 427 U.S. 97, 110-11 (1976); United States v. Allain, 671 F.2d 248, 255 (7th Cir.1982). Before the court can grant a motion for a new trial as a result of an alleged Brady violation, the moving party must establish that: (1) the prosecution suppressed evidence; (2) the evidence allegedly suppressed was favorable to the defense; and (3) the evidence was material to an issue at trial. Brady, 373 U.S. at 87; United States v. Walton, 217 F.3d 443, 450 (7th Cir.2000).

The Government concedes that the first two elements required for a Brady violation can be established by Curry.(See Gov't Resp. at 14-15). The Government acknowledges that Anderson did contact the Wisconsin authorities, about a possible reward for helping in apprehending Curry. Although the Government states that they had no knowledge, nor were they in possession of any

4

report dealing with this matter, the fact that such information was in the possession of the Wisconsin authorities satisfies the first element. See Strickler v. Greene, 527 U.S. 236, 281-82 (1999).

Furthermore, the Government acknowledges that this information might have been favorable to Curry. In order for non-disclosed information to be considered "favorable" to the defense (the second element of the Brady test), the defendant must establish that the evidence is either exculpatory in nature or tends to impeach a prosecution witness. Kyles, 514 U.S. at 433; Agurs, 427 U.S. at 110. The fact that Anderson was inquiring about the possibility of a reward for helping in apprehending Curry could be favorable. Conceivably, Curry could have attempted to impeach Anderson's testimony based on this information. Although Curry did attempt to impeach Anderson's testimony on other grounds, calling into question what effect her brother's arrest had on her testimony and on various inconsistencies between her previous written statements and her testimony, the information could have also been used to impeach Anderson. Thus, Curry has established the second element needed to establish a Brady violation.

The Government does not concede, nor can Curry establish, that the information which stated Anderson inquired about the possibility of reward was material to an issue at trial. In order for non-disclosed information to be considered material to the defense there must be a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. "A 'reasonable probability' is that sufficient to undermine confidence in the outcome. The materiality standard is not met by 'the *mere* possibility that *an item of undisclosed information* might have helped the defense, or might have *affected the outcome* of the trial . . . .' " Lieberman v. Washington, 128 F.3d 1085, 1092 (7th Cir. 1997) (quoting U.S. v. Agurs, 427 U.S. 97, 109-110 (1976)). "Thus, Brady does not require a prosecutor to divulge every scintilla of evidence that might conceivably inure to a defendant's benefit." Id. at 1092 (citing U.S. v. Hamilton, 107 F.3d 499, 509 (7th Cir. 1997)).

5

In this instance, the evidence against Curry was overwhelming. Not only did Anderson testify against Curry but so did all of his Co-Defendants, as well as the bank staff. The mere failure to disclose the fact that Anderson inquired about the possibility of a reward for her help, does not change the result of the proceeding. Curry cross-examined Anderson and attempted to impeach her credibility. Curry was not convicted merely on the testimony of Anderson. Again, various other witnesses, and even Co-Defendants testified against Curry on this matter.

Curry has failed to establish that the Government's failure to provide information showing that Anderson inquired about receiving a reward for helping apprehend Curry, amounts to a Brady violation. The court denies Curry's petition for § 2255 relief based on the alleged Brady violation.

## B. Invalid Arrest Warrant

Curry also asserts that § 2255 relief should be granted because his convictions on Counts I, III, IV, V, and VI were obtained through the use of evidence from an unlawful arrest. Curry contends that "FBI agents never obtained a valid arrest warrant to justify their detainment of [him] or the seizure and investigation of his property found on him at the time of arrest." See Def.'s Mot. at 31.

Curry did not raise this argument on direct appeal, so it is procedurally defaulted, and he makes no effort to demonstrate cause and prejudice or a fundamental miscarriage of justice. See McCleese, 75 F.3d at 1177-78; Belford, 975 F.2d at 313. Even if the issue were not defaulted, it is without merit. Evidentiary issues are rarely a basis for § 2255 relief, and the FBI did in fact obtain a valid criminal complaint and arrest warrant, signed by a Magistrate Judge on March 4, 1997. Curry was subsequently arrested on March 10, 1997. Therefore, Curry's second basis for § 2255 relief is denied.

## C. Ineffective Assistance of Counsel

Finally, Curry contends that § 2255 relief should be granted due to ineffective assistance of counsel. "[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding

6

under § 2255, whether or not the petitioner could have raised the claim on direct appeal" Massaro v. U.S., 123 S.Ct. 1690, 1694 (2003).

Curry's ineffective assistance claim is governed by the familiar standards of Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). Curry must demonstrate that counsel's performance was deficient, meaning it fell below objective standards for reasonably effective representation. See id. at 687-88. The court reviews counsel's performance deferentially, particularly counsel's choice of strategies. See Drake v. Clark, 14 F.3d 351, 355-57 (7th Cir. 1994). A habeas petitioner bears a heavy burden in demonstrating that counsel's performance was deficient to the point of offending the Constitution. See id.; see also Brown v. Sternes, 304 F.3d 677, 683-686 (7th Cir. 2002) (granting habeas relief due to ineffectiveness assistance of counsel). Strickland also requires a showing of prejudice. See Strickland, 466 U.S. at 694. Curry must also show that, but for the deficient performance, there is a reasonable probability that the result of the proceedings would have been different. See Strickland, 466 U.S. at 694. A reasonable probability of a different result will be found if the court's confidence in the outcome is undermined by evidence of deficient attorney performance. See Brown, 304 F.3d 677 at 683; Morris v. United States, 264 F.3d 726, 727 (7th Cir. 2001).

In this instance Curry asserts that he received ineffective assistance of counsel for two reasons. First, Curry claims that his counsel was ineffective because they failed to investigate whether the FBI had obtained a proper arrest warrant and complaint, therefore barring all of the evidence that flowed from the arrest. Second, Curry asserts that his right to a speedy trial was violated because he spent 64 days in custody before his trial, and that therefore is counsel was ineffective. Curry's claims are merit less. Curry cannot show that, but for the alleged deficient performance, there is a reasonable probability that the result of the proceedings would have been different. See Strickland, 466 U.S. at 694. The FBI did obtain a proper arrest warrant and complaint before arrest, and prior to trial the Government was granted an extension within which to return an

indictment by the Chief Judge thus excluding the time Curry spent in custody. (See Order Dated 04/08/97). The failure of Curry's Counsel to investigate Curry's meritless claims do not rise to the level of ineffective assistance of counsel. Therefore, Curry's final basis for § 2255 relief is denied.

### III. CONCLUSION

For the forgoing reasons Petitioner's petition for writ of habeas corpus, brought pursuant to 28 U.S.C. 2255 is denied.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE SR., District Court Judge

DATED: 8-11-03